# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EZEKIEL SIMMONS,** | : | **CIVIL NO. 1:11-CV-920** |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARIROSA LAMAS, et al.,** | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

On May 13, 2011, the Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Upon receipt of this petition, we notified the Petitioner that, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the district court is required to give to the Petitioner notice regarding the effects of filing a § 2254 petition in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 4.)

We explained that AEDPA bars state prisoners from attacking their convictions through second or successive habeas corpus petitions except in very limited circumstances. See 28 U.S.C. § 2244(b).[1] AEDPA also imposes a one-year statute of

---

[1] Pursuant to 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under § 2254 is allowed unless there are exceptional circumstances and

limitations on petitions for a writ of habeas corpus. See 28 U.S.C. § 2244(d).[2]

"Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created." United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). To avoid making successive claims, we alerted the Petitioner that petitioners must marshal in one § 2254 petition all of the arguments they have to collaterally attack their convictions. Id. Further, in order to avoid being time barred, a petitioner must

---

the petitioner has obtained permission from the appropriate court of appeals. The grounds upon which a claim presented in a second or successive habeas petition will be permitted are limited to two extremely rare circumstances: 1) the claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review; or 2) the factual predicate for the new claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. Because these grounds are so limited, in most cases they will result in the denial of permission to file a second or successive § 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first petition.

[2] 28 U.S.C. § 2244(d) sets forth the statute of limitations. That section sets forth when the statute of limitations begins to run and periods of time which are not counted toward the limitations period. The time that a federal habeas petition is pending is not excluded from the limitations period under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181-182 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

take care to file this one all-inclusive petition within the one-year statute of limitations. Id.

Having notified the Petitioner of these important legal considerations, we then gave the Petitioner an opportunity to decide whether to stand on the current petition or to withdraw the current petition so that the Petitioner could later file an all-inclusive petition, a course of action called for by the court's prior holdings in Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999).

Informed in this fashion of his rights and responsibilities, the Petitioner has filed an election form, electing to withdraw his petition at this time, stating: "I choose to withdraw the petition so that I may file one all-inclusive petition under 28 U.S.C. § 2254 within the applicable statute of limitations. I understand that claims in any future petition may be barred if the petition is not filed within the applicable statute of limitations." (Doc. 6.)

## II. Recommendation

Given the informed election made by the Petitioner to withdraw his petition, (Doc. 6) IT IS RECOMMENDED that the petition be dismissed without prejudice to the Petitioner later filing one all-inclusive petition under 28 U.S.C. § 2254 within the applicable statute of limitations.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2nd day of June, 2011.

/s/ **Martin C. Carlson**
Martin C. Carlson
United States Magistrate Judge